UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK W. JACKSON | ) |
| Plaintiff, | ) |
| v. | ) No. 05-1389 (RBW) |
| GORDON R. ENGLAND[1], Secretary, Department of the Navy, | ) |
| Defendant. | ) |

DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant, Secretary of the Department of the Navy, respectfully moves this Court for an order dismissing this case for improper venue. See Fed. R. Civ. P. 12(b)(3). Alternatively, defendant requests that the Court transfer this action to the Eastern District of Virginia, which is the proper jurisdiction for this case. The grounds for this Motion are set forth in the accompanying memorandum of points and authorities. Defendant also includes a proposed Order providing the relief requested herein.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), the Honorable Gordon R. England is substituted for Hanford T. Johnson, as Secretary of the Navy.

                                                                  _____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


                                                                  _____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK W. JACKSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-1389 (RBW) |
| ) | |
| GORDON R. ENGLAND, ) | |
| Secretary, Department of the Navy, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Frank W. Jackson brings this action against the Secretary of the Navy pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"). Mr. Jackson's suit alleges that he was discriminated against on the basis of age, race and sex when he was not selected for a position with the Department of the Navy, Military Sealift Command activity in Virginia Beach, Virginia.

## I. SUMMARY OF ARGUMENT

1. Under the general venue provision and under Title VII's special venue provisions, venue is not proper in the District of Columbia. Accordingly, this Honorable Court should dismiss this case. In the alternative, the Court should transfer this case to the Eastern District of Virginia.

## II. FACTS

Plaintiff is currently employed by the Department of the Navy, Military Sealift Command

activity (MSC) located in Virginia Beach, Virginia (currently, Sealift, Logistics Command, Atlantic, but at the time of the actions at issue Military Sealift Command, Atlantic). (Complaint para 4.)  In 2002, the activity sought to fill a position as supervisory contract specialist at MSC. (Complaint para 13) The position was ultimately filled in 2003.  Complaint, para 18.

Plaintiff initiated an informal EEO complaint thereafter.  After counseling, Plaintiff filed a formal EEO complaint.  The Department of Defense Office of Complaint Investigations conducted fact finding.  Complainant requested a hearing of his complaint before an EEOC administrative judge.  A hearing was held on March 18, 2005.  At the conclusion of the hearing, the administrative judge issued a bench decision finding no discrimination, followed up by a written decision on April 13, 2005.  The Department of the Navy adopted the EEOC decision as its final agency decision on May 12, 2005.  This suit followed.  Complaint, para 42.

The position of supervisory contract specialist plaintiff applied for is located in Virginia Beach, Virginia. (Rumsey-Fisher Decl ¶2)  All documents related to the selection decision are maintained either in the MSC offices in Virginia Beach or at the regional human resources offices that service MSC, which are located in Virginia Beach, Norfolk and Portsmouth, Virginia. (Rumsey-Fisher Decl ¶2).

The Secretary of the Navy's principal business office is the Pentagon which is located in Arlington, Virginia.  Notwithstanding a Washington, D.C. mailing address, the Pentagon is located in Arlington, Virginia.  Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005).

## III.  ARGUMENT

### A.  Standard of Review

"In considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." <u>Darby v. Dept. of Energy</u>, 231 F. Supp. 2d 274, 276 (D.D.C. 2002) (citing <u>2215 Fifth St. Assocs. v. U-Haul Intl, Inc.</u>, 148 F. Supp. 2d 50, 54 (D.D.C. 2001)).  However, the court need not accept as true plaintiff's legal conclusions.  <u>Fifth St. Assocs. v. U-Haul Intl, Inc.</u>, 148 F. Supp. 2d at 54.  To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue.  <u>Id</u>.

If a plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper.  <u>Washington v. General Elec. Corp.</u>, 686 F. Supp. 361, 363 (D.D.C. 1988).  When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interests of justice, transfer such case" to the proper venue.  28 U.S.C. § 1406(a).

### B.  Venue Is Improper In The District of Columbia Under Title VII

Venue in sex and national origin discrimination claims against federal employers are governed by the venue provision set forth in Title VII.  <u>Archuleta v. Sullivan</u>, 725 F.Supp. 602, 604-5 (D.D.C. 1989).  Venue in an action brought under Title VII is governed by 42 U.S.C. § 2000e-5(f)(3) which provides three specific locations for venue: (1) where the unlawful act is alleged to have been committed; (2)  where employment records related to the proscribed

3

conduct are maintained; (3) where the plaintiff would have worked but for the unlawful act; and The statute also provides for a fourth location should respondent not be found within any of the three specified districts. That is the district in which respondent has his principal office.

Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. Darby v. U.S. Dept. of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). See Elezovic v. England, 2003 WL 22383583, *1 (D.D. C. Oct. 20, 2003) (initial inquiry is the locus of the discriminatory acts). If the plaintiff brings suit in a jurisdiction that fails to satisfy one of the venue requirements identified in 42 U.S.C. § 2000e-5(f)(3), venue is improper. As the Court previously observed, "venue over many employment cases against the government is proper in districts other than this District because the situs of the alleged wrongdoing, or the records, or the present or potential future workplace is there." Amirmokri v. Abraham, 217 F. Supp 2d 88, 90 (D.D.C. 2002). In enacting Title VII's special venue statute, Congress did not intend to establish venue in the District of Columbia merely because an agency's headquarters is located in the District. Id.

**1. The Alleged Unlawful Employment Practices Occurred In Virginia**

The first venue option under Title VII is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e5(f)(3). Title VII venue determinations are based on a "commonsense appraisal" of events having operative significance. Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978); Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983).

Plaintiff's own complaint establishes that the alleged discrimination occurred in the Eastern District of Virginia at Virginia Beach, Virginia. In the instant case, plaintiff's complaint

concerns decisions made and actions taken in Virginia Beach, Virginia for a position to be filled in Virginia Beach, Virginia. Complaint, para 13. As the District Court for the District of Columbia stated in <u>James v. Booz-Allen & Hamilton, Inc.</u>, 227 F. Supp. 2d 16, 20 (D.D.C. 2002) (citation omitted), "venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on plaintiff's situation.'" Here plaintiff alleges no actions which occurred in the District of Columbia.

    **2.   Records Relating To The Proscribed Conduct Are Located In Virginia**

The second venue option offered by Title VII is "the judicial district in which the employment records relevant to such practice are maintained and administered." 42 U.S.C. § 2000e5(f)(3). The employment records concerning plaintiff's employment and the selection for the position at issue are administered and maintained in the Eastern District of Virginia. Specifically, the contracting office in Virginia Beach and the human resources offices in Virginia Beach and Portsmouth, Virginia. (Rumsey-Fisher Decl ¶2) "Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'" <u>Washington v. General Elec. Corp.</u>, 686 F. Supp. 361, 363 (D.D.C. 1988). The master set of the documents pertinent to the allegations in plaintiff's complaint is in the Eastern District of Virginia.

    **3.   "But For" The Alleged Discrimination, Plaintiff Would Not Have Worked In This District**

The third venue option offered by Title VII is "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment process." 42 U.S.C.

5

§ 2000e5(f)(3). This option does not help plaintiff. The District of Columbia was not the district where the plaintiff would have worked but for the alleged discrimination. Plaintiff would have worked in Virginia Beach, Virginia. Complaint ¶ 13; (Rumsey-Fisher Decl ¶2) Thus, he cannot satisfy the third prong of the Title VII venue statute by showing that he would have worked in the District of Columbia.

### 4. Defendant's Principal Office Is In Washington D.C.

The fourth venue option offered by Title VII is a residual provision. Only if the defendant cannot be found in any district in which venue would be proper under Title VII's first three venue provisions may venue properly lie in "the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e5(f)(3). This last venue option is available only if the defendant is not found in any of the judicial districts resulting from the first three venue options. See Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983); Turbeville v. Casey, 525 F. Supp. 1070, 1072 (D.D.C. 1981). In this case, venue can be established based on the first three venue options in the Eastern District of Virginia. Accordingly, the residual venue provision may not be applied. Even if the residual provision were applied, venue would be in the Eastern District of Virginia. While Defendant's principal office has a mailing address of Washington, D.C., it is physically located in Virginia, in the Pentagon building. Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983).

None of the provisions of 42 U.S.C. § 2000e-5(f)(3), supports venue in the District of Columbia.

**C. The ADEA Offers No Venue in the District of Columbia.**

Courts have held that age discrimination claims are governed by the general venue provision and not that set forth in Title VII. Rebar v. Marsh, 959 F.2d 216, (11th Cir. 1992); Archuleta, 725 F.2d at 605; Sweet v. Dep't of Health & Human Services, 42 F.E.P. Cases 470, (D.D.C. 1986). The general venue provision, 28 U.S.C. § 1391(e), provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

**1. Defendant Resides in the Eastern District of Virginia**

Venue is proper under Section 1391(e) where the defendant resides. The Secretary of the Navy, while having a mailing address in the District of Columbia, physically resides in Virginia. Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005). Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983).

**2. The Events Occurred in the Eastern District of Virginia**

Under the second prong of section 1391(e), venue is proper where a substantial part of the events or omissions giving rise to the claim occurred. As discussed above in the title VII analysis, all parts of the alleged wrongful events or omission giving rise to the employment discrimination claims occurred in Virginia Beach, Virginia where the promotiondecisions were

made. Plaintiff does not allege that any events occurred in the District of Columbia. See Complaint generally.

### 3. Plaintiff does not reside in the District of Columbia

Under the third prong of section 1391(e), venue is proper where the Plaintiff resides. Plaintiff does not allege he lives in the District of Columbia in his complaint. On his application, plaintiff listed his address as being in Yorktown, Virginia, within the eastern district of Virginia.

None of the provisions of 28 U.S.C. § 1391(e), supports venue in the District of Columbia.

### D. CONVENIENCE OF THE PARTIES DICTATES IN FAVOR OF A TRANSFER

Even if venue were proper in the District of Columbia, the District Court should exercise its discretion to transfer this case to the Eastern District of Virginia in accordance with 28 U.S.C. § 1404(a). This section provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this statutory provision is to avoid a waste of time, energy, and money, and to protect litigants as well as witnesses from unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). As recently detailed by the District Court in Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136 (D.D.C. 2004), a number of private and public interests may be considered by a court in determining whether a transfer under § 1404(a) should be granted.

Private-interest factors include the plaintiff's choice of forum; the defendant's choice of forum; whether the claim arose elsewhere; the convenience of the parties; the convenience of the witnesses; and the ease of access to sources of proof. Id. at 141. Public-interest factors include the transferee's familiarity with the governing laws; the relative congestion of the dockets of the transferor and transferee courts; and the local interest in deciding controversies at home. Id. at 143.

In the instant case, the traditional venue considerations weigh heavily in favor of transferring this case to the Eastern District of Virginia. As this Court observed in Claasen v. Brown, 1996 U.S. Dist. LEXIS 1872 (D.D.C. 1996), a plaintiff's choice of forum is entitled to great consideration; however, "it is not determinative when other factors strongly militate . . . in favor of transfer." The plaintiff lives in Virginia and the transfer would not personally inconvenience him more in terms of travel. The weight given to the plaintiff's choice of forum should be tempered when the plaintiff's choice is one outside of his home jurisdiction. Stewart v. Capitol Area Permanente Med. Group, P.C., 720 F. Supp. 3, 5 (D.D.C. 1989).

The actions that plaintiff alleges were discriminatory occurred in Virginia. All material events relevant to plaintiff's complaint of discrimination took place in Virginia. Residents of the Eastern District of Virginia would have more of a local interest in this matter than residents of the District of Columbia. Liban, 305 F. Supp. 2d at 143. For the convenience of the parties and witnesses and in the interest of justice, the case should be transferred to the Eastern District of Virginia, where it could have been brought, in accordance with 28 U.S.C. § 1404(a).

## IV.  CONCLUSION

Defendant Gordon R. England, Secretary of the Navy, urges the Court to dismiss plaintiff's claims in their entirety.  Alternatively, defendant requests that the Court transfer this case to the Eastern District of Virginia, the proper jurisdiction under Title VII's mandatory venue provisions.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
 202-353-9895  / FAX 202-514-8780